QUESTION: Should deposits of money for the transfer of mechanics' liens from real property to other security be handled by the clerk of the court or by the county comptroller of Orange County?
SUMMARY: In counties where the duties of the clerk of the court have been divided between a clerk of court and a county comptroller, the handling of deposits for the transfer of mechanics' liens from real property to other security is a nonjudicial function that should be performed by the county comptroller. Article VIII, s. 1(d), State Const., provides that the duties of the clerk of the circuit court may be divided by county charter or special law approved by vote of the electors between two officers, one serving as clerk of the court and the other as clerk of the board of county commissioners, auditor, recorder, and custodian of all county funds. Under this authority, Ch. 72-461, Laws of Florida, was adopted for Orange County, creating the offices of clerk of the circuit and the county courts and county comptroller. The special act states that the provisions of existing law relating to litigation, proceedings, and matters within the jurisdiction of the circuit court and other courts of the county shall apply to the clerk of the circuit court and all others shall apply to the county comptroller. Section 3, Ch. 72-461, supra. It is a fundamental rule of construction that a statute should be construed in such a way as to effectuate legislative intent. McKibben v. Mallory, 296 So.2d 48 (Fla. 1974). The legislative intent and purpose of dividing the duties of the clerk of the circuit court was to separate the judicial and nonjudicial functions of that office, with the clerk of the court handling those matters pertaining to the courts and the county comptroller handling the nonjudicial duties formerly performed by the circuit court clerk. Section 713.24, F.S., provides for the transfer of a mechanic's lien from real property to other security by either depositing a sum of money in "the clerk's office" or filing "in the clerk's office" a surety bond. Subsection 713.24(2) provides also that the money deposited in the clerk's office to effect a transfer of the lien "shall be considered as paid into court and shall be subject to the provisions of law relative to payments of money into court and the disposition of same." It goes without saying, however, that the duties of a circuit court clerk under the Mechanics' Lien Law, Ch. 713, F.S., are performed in his capacity as county recorder — that is, the keeper of the official records of the county in which instruments relating to land, such as deeds, mortgages, mechanics' liens, and the like, are recorded. Thus, even though directed by subsection 713.24(2) to handle security deposits for lien transfers in the same manner as court registry funds which he handles in his capacity as clerk of the court, a circuit court clerk is still dealing with such funds in his capacity as county recorder and not as clerk of the court. And it necessarily follows that, when the duties of the office of circuit court clerk are divided between judicial and nonjudicial duties, the county comptroller would be required to take over the nonjudicial duties of recording mechanics' liens, including the handling of security deposits to which such liens may be transferred. The comptroller may, of course, under the express terms of the statute, s. 713.24(2), deal with these funds in the same manner as the clerk of the court deals with court registry funds.